IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW BROWN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:14-cv-1085 |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| LIEUTENANT SHRADER, *et. al.*, | ) | |
| | ) | ECF No. 12 |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Andrew Brown ("Plaintiff") is a prisoner who was, at the time of the events giving rise to the instant lawsuit, confined at the State Correctional Institution at Greene ("SCI-Greene"). He has since been transferred to the State Correctional Institution at Houtzdale ("SCI-Houtzdale"). Plaintiff, through his counsel, filed a Complaint on August 14, 2014, with a subsequent Amended Complaint being filed soon thereafter. *See* ECF Nos. 1 & 2. In his Amended Complaint, Plaintiff alleges that the Corrections Defendants violated his Eighth Amendment rights when they ignored his pleas to have a separation in place, following an altercation with another inmate in November 2012. Plaintiff and the other inmate were involved in another altercation in July 2013, and Plaintiff avers that the second confrontation occurred because the Corrections Defendants failed to protect him even though he warned them that another assault was imminent. In addition, Plaintiff alleges that Nurse John McAnany was deliberately indifferent to his safety when he told other prisoners that Plaintiff was a "snitch" and that Nurse Mary Fleming was deliberately indifferent to his health by denying him pain medication after he was injured in the second altercation with the other inmate. Nurses McAnany and Fleming have

1

filed a Motion to Dismiss Plaintiff's Complaint. For the reasons stated herein, the Motion will be denied with respect to Defendant McAnany and granted without prejudice with respect to Defendant Fleming.

### A. **Plaintiff's Allegations**

In late 2012, while Plaintiff was incarcerated at SCI-Greene, he was attacked by another prisoner identified as "Inmate Arnold," who claimed that Plaintiff was a "snitch." (ECF No. 2 at ¶¶ 18, 20.) Plaintiff informed prison officials that Inmate Arnold had attacked him because he believed that Plaintiff was an informant, and, in response, Plaintiff was told that he would be separated from Inmate Arnold. *Id.* at ¶¶ 24-26. When the separation was not instituted, Plaintiff, who continued to receive threats from Inmate Arnold and his "associates" in their illicit gambling business, filed grievances with prison security. *Id.* at ¶¶ 38-48. Sometime thereafter, Plaintiff was approached and threatened by Inmate Arnold's associates. *Id.* at ¶¶ 49-54. In May 2013, while working in the medical department under Defendant McAnany, Plaintiff was called to meet with prison security. *Id.* at ¶ 64. Following an argument with Plaintiff, Defendant McAnany, apparently under the belief that Plaintiff was "informing security on him," told other prisoners in medical that Plaintiff was "a rat" and was working for security, a fact corroborated by another inmate who claimed this information had reached Inmate Arnold. *Id.* at ¶¶ 63, 66, 68.

For a period of about two months, Inmate Arnold threatened and extorted money from Plaintiff before assaulting him a second time in July 2013. *Id.* at ¶¶ 70, 92. As a result of the attack, Plaintiff suffered severe head injuries and was admitted to the infirmary for three-and-a-half days. *Id.* at ¶¶ 94-96. After leaving the infirmary, he suffered "excruciating pain from intense migraines," as well as other medical problems, including a concussion, possible fractured jaw, loss of vision in his right eye, and a cracked filling. *Id.* at ¶¶ 94, 101. Plaintiff was given a

single dose of Motrin by a physician's assistant. *Id*. at ¶ 98. All of his subsequent requests for pain medication were denied by Defendant Fleming. *Id*. at ¶ 99.

### B. Standard of Review

Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); see also *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

### C. Discussion

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment. (ECF No. 2 at ¶¶ 129, 131-32.) The Eighth Amendment protects individuals against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection, enforced against states through the Fourteenth Amendment, guarantees incarcerated persons humane conditions of confinement. In this regard, prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety

3

of the inmates." *Farmer v. Brennan*, U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

## 1. **Defendant Fleming**

Plaintiff alleges that Defendant Fleming was deliberately indifferent to his serious medical needs when she refused to provide him with medication for his pain following the altercation with Inmate Arnold on July 11, 2013. (ECF No. 2 at ¶¶ 99, 130-132.)

In order to state a claim for deliberate indifference under the Eighth Amendment, a plaintiff must allege two elements: (1) he was suffering from a "serious medical need" and (2) prison officials were deliberately indifferent to the serious medical need. *Estelle v. Gamble*, 429, U.S. 97, 104 (1976). The first showing requires the court to objectively determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988). The second prong requires the court to subjectively determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993). However, allegations of medical malpractice and mere disagreements as to the proper medical treatment do not state a claim for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Plaintiff's allegations, taken as true, do not allow the Court to draw a reasonable inference that Defendant Fleming acted with deliberate indifference in refusing him medical

4

treatment. Plaintiff's sole allegation against Defendant Fleming is that she "refused to give him any medication for his continuing pain," *(ECF No. 2 at ¶ 99)*, but he does not provide any details surrounding his interaction with Defendant Fleming, including when and how many times he requested and was denied pain medication.

In order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which requires more than labels and conclusions; "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's claim that Defendant Fleming acted with deliberate indifference to his medical needs, without sufficient factual allegations to support it, is simply a legal conclusion that is subject to dismissal.[1] Nevertheless, seeing as Plaintiff may be able to state a claim against Defendant Fleming if given the chance to amend his complaint, the Motion to Dismiss will be granted without prejudice to Plaintiff's right to file a Motion for Leave to File a Second Amendment Complaint, as more fully stated in the Court's Order that follows.[2]

### 2. **Defendant McAnany**

Plaintiff alleges that Defendant McAnany was deliberately indifferent to his safety when he called Plaintiff a "snitch" in front of other inmates after an argument they had in May 2013

---

[1] Defendant Fleming also claims that Plaintiff failed to properly exhaust his administrative remedies because he did not name her in the grievance he submitted wherein he complained that "he should have been receiving medication for pain the entire time he was in the infirmary." (ECF No. 2 at ¶ 100.) However, Plaintiff's grievance records that were submitted by Defendant in support of the Motion to Dismiss will not be considered for purposes of this Memorandum Opinion, nor will the Court address Defendant's arguments for dismissal based on Plaintiff's alleged failure to exhaust or to state a claim based on the information contained within the responses to his grievances and appeals. *See Cooper v. Sgt. Martucchi*, No. 15-267, ECF No. 45 (W.D. Pa. Aug. 12, 2015). These issues may be raised again on summary judgment.

[2] "[I]n civil rights cases district courts must offer amendment – irrespective of whether it is requesting – when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

5

and told other inmates that Plaintiff was "working with security." (ECF No. ¶¶ 63, 66.) Plaintiff claims that Defendant McAnany's accusations made their way to Inmate Arnold, who continued to threaten him, either personally, or through his associates, and after Plaintiff refused to pay Inmate Arnold his commissary pay, Inmate Arnold assaulted him on July 11, 2013. *Id*. at ¶¶ 68-73, 86, 92.

In *Farmer*, the Supreme Court interpreted "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate" as violative of the Eighth Amendment, extending the deliberate indifference standard of *Estelle* to cases where prison officials fail to prevent undue harm to inmates. 511 U.S. at 837-38; s*ee also Riley v. Jeffes*, 777 F.2d 143, 147 (3d Cir. 1985) ("The state . . . has a duty to protect inmates from unwarranted physical injury.") (quoting *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into a constitutional liability for prison officials responsible for the victim's safety[,]" but "[b]eing violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Deliberate indifference is a subjective inquiry, while risk of harm is evaluated objectively. *Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003).

As to the "substantial risk" inquiry, the single most important factor is that Plaintiff was labeled a "rat" by Defendant McAnany. The Third Circuit has acknowledged that labeling a prisoner as a "snitch" can create a substantial risk of serious harm. *See Bistrian v. Levi*, 696 F.3d 352, 371 (3d Cir. 2012) (finding it was reasonable to infer that a prisoner rumored to be a snitch was at an increased risk of assault, not just from the inmates he had cooperated against, but from any violent inmates). Numerous courts have found that an inmate who is labeled a "snitch" is in

6

danger of being assaulted by other inmates. *See Rodriguez v. Hayman*, No. 08-4239, 2009 WL 4122251, at *7-8 (D.N.J. Nov. 23, 2009) (citing cases). Under the facts as alleged by Plaintiff, that Defendant McAnany told other prisoners that Plaintiff was a rat who was working with prison security, and that information was spread around SCI-Greene, Plaintiff has sufficiently demonstrated that he was incarcerated under conditions posing a substantial risk of serious harm to his safety. *See Williams v. Thomas*, No. No. 12-01323, 2013 WL 1795578, at *6 (E.D. Pa. Apr. 29, 2013) (citing cases from district courts in the Third Circuit that have found that "the mere act of labeling a prisoner a snitch constitutes a substantial risk of harm.")

As to the "deliberate indifference" inquiry, the focus centers on what the defendant's mental attitude actually was, rather than what it should have been. *Farmer*, 511 U.S. at 841-42. Under Farmer, a plaintiff is required to plead that the defendant subjectively knew of the risk faced by the inmate plaintiff and deliberately chose to disregard it. *Id*. at 842. Knowledge is a "question of fact" demonstrated in the "usual ways". *Id*. One such way is by showing that the risk was so obvious that the defendant necessarily must have known about it. *Id*.

The Court finds the following allegations relevant to Plaintiff's claim: (1) Inmate Arnold assaulted Plaintiff after his cell was searched for contraband on November 5, 2012; (2) during the assault, Inmate Arnold called Plaintiff a "snitch" and a "rat"; (3) soon after Inmate Arnold was released from the RHU, Defendant McAnany told other prisoners that Plaintiff was a "rat" because he was "working with security," and this information spread throughout the prison; (4) Inmate Arnold's associates attempted to extort Plaintiff out of money by telling him that everyone in the prison knew that he was a rat; (6) Plaintiff informed Defendant Macknair that Defendant McAnany was spreading a rumor that he was a snitch and that Inmate Arnold was going to "jump [him] again".

7

If the Court accepts as true Plaintiff's allegations that Defendant McAnany labeled him a snitch, that the label was communicated to other inmates, and that he was aware of the obvious danger associated with a reputation as a snitch, as a reasonable prison official in Defendant McAnany's position would have known, then Plaintiff has stated a claim of deliberate indifference. *See Irving v. Dormire*, 519 F.3d 441, 451 (8th Cir. 2008) ("After all, who knows better the opprobrium and consequent effect that attaches to the label of snitch than those who work daily within the inmate population.")

After a prisoner makes a prima facie demonstration of deliberate indifference, an official can rebut the allegation "either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). Defendant McAnany claims that Inmate Arnold's assault on Plaintiff arose from his past history with Plaintiff and not any alleged comment he made that Plaintiff was a rat. Thus, he claims that Plaintiff fails to establish a causal connection between the comments attributed to him and the subsequent assault by Inmate Arnold. Whether or not Defendant McAnany's alleged comments actually caused or incited Inmate Arnold's attack on Plaintiff is a factual inquiry inappropriate at the motion to dismiss stage. Taking the allegations in the Amended Complaint as true, Plaintiff has stated a claim against Defendant McAnany. Accordingly, this 25th day of August, 2015,

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 12) is **DENIED** with respect to Defendant McAnany and **GRANTED** without prejudice with respect to Defendant Fleming. Because it is unclear whether Plaintiff could state a claim against Defendant Fleming if granted leave to amend, he shall have ten (10) days from the date of this Order to file a Motion

for Leave to File a Second Amended Complaint along with a proposed second amended complaint. If he fails to do so within the time allowed then the Motion to Dismiss will be granted and his claim against Defendant Fleming will be dismissed with prejudice.


                                                                       /s/ Lisa Pupo Lenihan
                                                                       LISA PUPO LENIHAN
                                                                       United States Magistrate Judge

cc:      All counsel of record.